UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Jordain Chambers,**  Plaintiff,  v.  **City of Lakeland,**  Defendant. | **Case Number** 8:20-cv-2794 |

## Complaint & Jury Demand

1. The Plaintiff, Jordain Chambers, sues Defendant, City of Lakeland, for sex discrimination and retaliation in violation of Title VII.

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in Tampa pursuant to 28 U.S.C. § 1391(b)(2).

4. Plaintiff began working for Defendant in March 2018.

5. Plaintiff still works for Defendant.

6. Plaintiff works as a patrol officer in Defendant's police department known as Lakeland Police Department (LPD).

7. Plaintiff is female.

8. Defendant employs over 500 employees.

9. LPD does not treat women and men the same.

10. LPD treats men better than women.

11. On or about January 2019, Plaintiff was assigned to a division with a Sargent that treated her differently than similarly situated male patrol officers.

12. Beginning on or about March 2019, Plaintiff's Sargent would intentionally embarrass Plaintiff publicly.

13. The Sargent would make comments in a manner over the radio that was intended to humiliate Plaintiff.

14. Defendant had actual knowledge of this Sargent's treatment of Plaintiff.

15. Defendant did not take prompt remedial action to stop the Sargent from harassing Plaintiff.

16. The harassment was severe.

17. Plaintiff was hurt and embarrassed. She felt sick to her stomach. The harassment impacted her diet and sleep patterns.

18. The harassment was pervasive.

19. The Sargent routinely targeted Plaintiff with improper public commentary and unfair work assignments.

20. Defendant permitted its Sargent to assign more work to Plaintiff than was assigned to similarly situated male employees.

21. The Sargent intentionally assigned more work to Plaintiff than other officers.

22. Defendant claims that it is an equal employment opportunity employer.

23. Defendant asserts that discrimination will not be tolerated.

24. Defendant is covered by Title VII.

25. Defendant permitted Plaintiff's direct report to harass her.

26. On or about September 20, 2019, Plaintiff formally complained about being subjected to gender discrimination.

27. Shortly after complaining about sex discrimination Defendant began investigating Plaintiff.

28. Ultimately, Defendant placed Plaintiff on probation, where she remains to this day.

29. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

30. The EEOC charge was filed within 300 days of being harassed and retaliated in violation of Title VII.

31. The EEOC issued Plaintiff a right to sue letter.

32. This lawsuit is being filed within 90 days of the receipt of the right to sue letter issued.

33. All pre-suit requirements have been satisfied.

**Count I - Discrimination**

34. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

35. Defendant discriminated against Plaintiff on account of her gender.

36. Defendant harassed and humiliated Plaintiff for much of her employment.

37. Plaintiff was subjected to routine micro-aggressions.

38. The harassment was public.

39. Plaintiff's direct supervisor would treat Plaintiff in a dismissive fashion in front of her co-workers in order to humiliate and embarrass her.

40. Plaintiff received more assignments than male employees.

41. Plaintiff had to work harder and under harsher terms than similarly situated male employees.

Wherefore, Plaintiff demands trial by jury, judgment, compensatory damages, punitive damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate and just.

**Count II - Retaliation**

42. Plaintiff reincorporates paragraphs 1 through 33 as if stated fully herein.

43. Plaintiff believed that her direct report discriminated against her because of her gender.

44. Plaintiff complained to Defendant about sex discrimination.

45. Defendant retaliated against Plaintiff by investigating her, scrutinizing her work and finally placing her on probation.

46.     Plaintiff has not been eligible for pay raises as a result of being placed on probation.

47.     Defendant has limited Plaintiff's ability to secure a position as an officer in another department on account of the retaliation.

48.     Defendant took swift and strict action against Plaintiff to discourage her from pursuing a sex discrimination claim against its police department.

Wherefore, Plaintiff demands trial by jury, judgment, clearing of her record, increase in pay to the extent any raises have been given to other employees, compensatory damages, punitive damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate and just.

Respectfully submitted this 25th day of November 2020,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com