UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JORDAIN CHAMBERS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LAKELAND, <br><br> Defendant. | Case No. 8:20-cv-2794 |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

This case involves a female police officer employed by the City of Lakeland who, after repeated, severe, pervasive, public, and gender-fueled micro-aggressions by her male supervisor, took the uncomfortable step of filing an internal discrimination complaint at work. After filing her complaint, Officer Chambers was investigated, placed on probation, prevented from seeking pay raises, and prohibited from transferring out of her department – all for the sole purpose of discouraging her from engaging in her statutorily-protected rights to be from gender discrimination while doing her job. [D.E. 1].

Defendant moves to dismiss the Complaint under Rules 8 and 12, Fed.R.Civ.P., citing Plaintiff's alleged failure to meet her obligations under *Iqbal*

and *Twombly*. Unlike the plaintiff in *Twombly*, Officer Chambers is decidedly not a "plaintiff with 'a largely groundless' claim . . .tak[ing] up the time of a number of other people . . . representing an *in terrorem* increment" of the value at stake here. 550 U.S. 544, 558 (2007). Nor is Officer Chambers one in a group of hundreds of suspected terrorists detained in the aftermath of the 9-11 attacks and alleging – in a 21-cause of action complaint – a nationwide, governmental conspiracy against Muslims. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

Officer Chambers is a public servant who took an oath to protect the citizens of Lakeland, Florida. Her claims are straightforward – she has a boss who harassed her[1] and treated her (and other women) differently, she complained about him, and she suffered adverse employment actions. Plaintiff meets her burden under Rule 8, which was intended to be a "notable and generous departure from the hypertechnical, code-pleading regime of a prior era." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A Title VII plaintiff need not allege each and every element of a *prima facie* case. Rather, the complaint need only allege facts sufficient to suggest intentional discrimination. *Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed. Appx. 935, 2011

---

[1] The harassment at work was so bad that Plaintiff fell ill – it impacted her dietary and sleep patterns. [D.E. 1 at 17].

WL 3362682, *2 (11th Cir. 2011); *see also Davis v. Coca-Cola Bottling Co., Consol.*, 516 F3d 9995, 974 (11th Cir. 2008); *Bowers v. Board of Regents of University System of Georgia*, 509 Fed. Appx. 906, 2013 WL 563180 (11th Cir. 2013).

Likewise, Title VII prohibits retaliation "when an employee 'oppos[es] any practice made an unlawful employment practice by [Title VII]' or 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing.'" *Henderson v. City of Birmingham*, 826 Fed. Appx. 736, 741 (11th Cir. 2020) (*citing Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010) (internal citations omitted).

Plaintiff has met her burden under Rules 8 and 12, Fed.R.Civ.P., on both Counts because she alleges facts sufficient to show: (1) she was harassed publicly and to the point of physical ailment because of her gender; (2) she engaged in a statutorily protected expression (i.e. filed an internal gender discrimination complaint against her harasser); (3) she suffered a materially adverse employment action (i.e. was placed on probation – limiting her ability to obtain pay increases and transfer to another department); and (4) there was a causal link between the protected expression and the adverse action (i.e. temporal proximity between her complaint and the adverse employment action and a swift, strict and intentional

act designed to discourage Plaintiff's discrimination complaint). [D.E. 1 at ¶¶ 26, 27, 28, 44, 45, 46, 47, 48]. Plaintiff stipulates to the withdrawal of her claim for punitive damages.

WHEREFORE, Plaintiff respectfully requests entry of an Order accepting Plaintiff's stipulation to withdraw her claim for punitive damages and denying the remainder of Defendant's Motion to Dismiss. Alternatively, Plaintiff requests entry of an Order permitting Plaintiff an opportunity to amend her Complaint pursuant to *Corsello v. Lincare, Inc.* 428 F.3d 1008, 1012 (11th Cir. 2005).

Respectfully submitted this 5th day of April, 2021,

/s/ **Bernard R. Mazaheri**
Bernard R. Mazaheri, Esq.
Florida Bar No. 643971
Mazaheri & Mazaheri
325 Shelby St.
Frankfort, KY 40601
Tel: (502) 475-8201
Email: Bernie@TheLaborFirm.Com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing response was filed on this 5th day of April 2021 using the Court's CM/ECF System which I understand will send a copy to all counsel of record.

**/s/ Bernard R. Mazaheri**
Bernard R. Mazaheri, Esq.