UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORDAIN CHAMBERS,

    Plaintiff,

v.                                      Case No. 8:20-cv-2794-TPB-SPF

CITY OF LAKELAND,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES"**

This matter is before the Court on "Defendant's Motion to Dismiss Complaint and Motion to Strike Prayer for Punitive Damages," filed on March 11, 2021. (Doc. 7). On April 5, 2021, Plaintiff filed a response in opposition to the motion.[1] (Doc. 9). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

Plaintiff Jordain Chambers works as a patrol officer with the Lakeland Police Department ("LPD"). According to Plaintiff, in January 2019, she was assigned to a division with a sergeant who treated her differently than similarly situated male patrol officers. Beginning in March 2019, the sergeant would "intentionally

---

[1] Although it appears the response is untimely, in the interest of judicial economy, the Court considers Plaintiff's arguments opposing dismissal. *See* M.D. Fla. Local Rule 3.01(c) ("[A] party may respond to a motion to dismiss . . . within twenty-one days after service of the motion.").

embarrass Plaintiff publicly" by making "comments in a manner over the radio that was intended to humiliate Plaintiff." The sergeant also engaged in "micro-aggressions" and routinely targeted her with "unfair work assignments," including assigning her more work to do than her male colleagues. Plaintiff alleges that the harassment was severe and pervasive, caused her hurt and embarrassment, and impacted her diet and sleep patterns. She further alleges that Defendant City of Lakeland had actual knowledge of the sergeant's treatment of her but did not take prompt remedial action.

Plaintiff asserts that she formally complained about being subjected to gender discrimination on or about September 20, 2019. Plaintiff alleges that following her complaint, Defendant began investigating her and placed her on probation, where she remains to this day. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, and she received a right to sue letter.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant moves to dismiss the complaint, arguing that Plaintiff has failed to sufficiently allege gender discrimination and retaliation claims under Title VII. Defendant additionally moves to strike Plaintiff's request for punitive damages.

*Gender Discrimination*

Defendant first argues that the discrimination claim(s) should be dismissed because Plaintiff has failed to provide sufficient factual allegations to support any claim of gender discrimination. "A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss. But complaints alleging

discrimination still must meet the plausibility standard of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937-38 (11th Cir. 2011) (internal quotation and citations omitted).  Here, Plaintiff has alleged many legal conclusions but few facts.  Although not subject to a heightened pleading standard, her complaint must contain sufficient factual matter to support a plausible inference that the City of Lakeland engaged in gender discrimination against her.  Even construing the complaint liberally, Plaintiff's bare-bones allegations are conclusory and insufficient to survive the motion to dismiss.

The Court will grant leave to amend to correct these deficiencies.  Plaintiff does not need to plead a prima facie case of discrimination.  However, she must provide fair notice of the basis of her claims by describing the events and explaining how the alleged discriminatory conduct is related to her gender.  In her amended complaint, Plaintiff should describe – with sufficient factual detail – the events leading to her probation.  She should identify the sergeant, describe the nature of the comments made over public radio, explain the "micro-aggressions" referenced, and identify any additional or different assignment(s) she was given compared to her male colleagues.  In addition, if Plaintiff seeks to pursue discrimination claims based on disparate treatment and hostile work environment theories, she should separate these claims in her amended complaint.

*Retaliation*

Defendant next argues that the retaliation claim should be dismissed because Plaintiff has failed to provide sufficient factual allegations to support her claim, including specific dates that would demonstrate causation through temporal proximity. Though Rule 8 does not ask for much, it does require that a plaintiff alleging retaliation "include the basic facts" of the claims, including the pertinent dates of the alleged activity. *See, e.g., Laster v. Dollar Gen. Corp.*, No. 8:12-cv-2685-T-17MAP, 2013 WL 2147556, at *3-4 (M.D. Fla. May 16, 2013). Plaintiff alleges the date of her formal complaint. However, she does not allege the date that Defendant began to investigate her or the date that she was placed on probation. Because she is relying on temporal proximity to establish causation, these dates – or at least an approximation of the dates if unknown – are needed to provide fair notice of the claim to Defendant and to establish causation. As such, this claim is subject to dismissal, with leave to amend to correct these deficiencies.

*Motion to Strike Punitive Damages*

Defendant also seeks to strike Plaintiff's request for punitive damages, arguing that Plaintiff cannot recover punitive damages in a Title VII case against Defendant because the city is a political subdivision of the State of Florida. The Court agrees. *See* 42 U.S.C. § 2000e; *see, e.g., Hodge v. Orlando Util. Comm'n*, No. 6:09-cv-1059-Orl-19DAB, 2009 WL 4042930, at *6-7 (M.D. Fla. Nov. 23, 2009). As such, the motion to strike Plaintiff's prayer for punitive damages is granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Dismiss Complaint and Motion to Strike Prayer for Punitive Damages" (Doc. 7) is hereby **GRANTED**.

2) Counts I and II of Plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3) Plaintiff's prayer for punitive damages is hereby **STRICKEN** and should not be re-filed.

4) Plaintiff is directed to file an amended complaint on or before April 30, 2021. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of April, 2021.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**