UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORDAIN CHAMBERS,

    Plaintiff,

v.                                               Case No.  8:20-cv-2794-TPB-SPF

CITY OF LAKELAND,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S MOTION
TO DISMISS AMENDED COMPLAINT"**

This matter is before the Court on "Defendant's Motion to Dismiss Amended Complaint," filed on May 14, 2021.  (Doc. 12).  On May 20, 2021, Plaintiff filed a response in opposition to the motion.  (Doc. 14).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Jordain Chambers works as a patrol officer with the Lakeland Police Department ("LPD").  According to Plaintiff, in January 2019, she was assigned to a division with a sergeant who treated her differently than similarly situated male patrol officers.  In her amended complaint, Plaintiff describes several incidents of discriminatory conduct beginning in March 2019.  She further alleges that Defendant City of Lakeland had actual knowledge of the sergeant's treatment of her but did not take prompt remedial action.

Plaintiff asserts that she formally complained about being subjected to gender discrimination on or about September 20, 2019.  Plaintiff alleges that following her complaint, Defendant began investigating her and placed her on probation.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, and she received a right to sue letter.

On November 25, 2020, Plaintiff filed the instant suit, asserting claims for gender discrimination under Title VII (Count I) and retaliation under Title VII (Count II).  On April 15, 2021, the Court dismissed the first complaint due to pleading deficiencies, granting leave to amend.  On April 30, 2021, Plaintiff filed her amended complaint, asserting claims for gender discrimination under Title VII (Count I), gender-based harassment under Title VII (Count II), and retaliation under Title VII (Count III).  Defendant now moves to dismiss all claims in the amended complaint.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant moves to dismiss all counts of the amended complaint, arguing that Plaintiff has failed to sufficiently allege her Title VII claims. "A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss. But complaints alleging discrimination still must meet the plausibility standard of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937-38 (11th Cir. 2011) (internal quotation and citations omitted). Here, Plaintiff's amended complaint contains sufficient allegations to support a plausible inference that the City of Lakeland engaged in gender discrimination, harassment, and retaliation against her. The amended complaint provides fair notice of the basis of her claims by describing the events and explaining how the

alleged discriminatory conduct is related to her gender.  The motion to dismiss is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Dismiss Amended Complaint" (Doc. 12) is hereby **DENIED**.

2) Defendant is directed to file an answer on or before July 1, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of June, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**