UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORDAIN CHAMBERS,

    Plaintiff,

v.                                        Case No.: 8:20-cv-2794

CITY OF LAKELAND,

    Defendant.
_____/

**AFFIDAVIT OF STEVEN SEALEY**

STATE OF FLORIDA

COUNTY OF POLK

    PERSONALLY APPEARED before me, the undersigned authority, STEVEN SEALEY ("Affiant"), who being first duly sworn, deposes and says:

    1.    That Affiant is a natural person over the age of eighteen (18) years.

    2.    That Affiant has worked as a law enforcement officer for thirty-two (32) years.

    3.    That Affiant has worked over twenty-nine (29) years as a law enforcement officer for the Lakeland Police Department, and is currently employed in that capacity.

    4.    That Affiant was the Lieutenant of the Lakeland Police Department's Office of Professional Standards, including at the time that Jordain Chambers filed

**EXHIBIT F**

her complaint against James Roberts. In this position Affiant reported directly to the Lakeland Police Department Chief of Police.

5. That, on or about February of 2020, Affiant was transferred to the Uniform Patrol Division as a Patrol Lieutenant in the Detective Squad.

6. That, on or about September of 2019, Jordain Chambers filed an Employee Incident Report 19-050 against James Roberts which was assigned to the office of Professional Standards. Affiant assigned the investigation of the complaint to Detective Stephanie Burcham. Detective Burcham had no conflict and no involvement in the events that formed the basis of the investigation into the complaint.

7. That it is ordinary for internal complaints of gender-based discrimination or harassment, such as that Employee Incident Repot 19-050 by Jordain Chambers, to be reported to, investigated by, and resolved by the Lakeland Police Department's Office of Professional Standards. Detective Burcham's investigative report was authored by her and provided to me as part of the chain of command.

8. That, as part of the formal procedure of resolving Employee Incident Report 19-050, Affiant authored the Memorandum dated February 14, 2020 and attached hereto as Exhibit "1", which was submitted to Chief Ruben Garcia, Assistant Chief Rick Taylor, and Captain Ron Bowling Jr. and which contained Affiant's review of, as well as Affiant's findings and recommendations, regarding

the incident. The final decision maker regarding Employee Incident Report 19-050 was Chief Ruben Garcia.

9. That Affiant conducted his review in the manner set forth in that Memorandum.

10. That Affiant never had any direct conversation with Plaintiff.

11. That Jordain Chambers' Employee Incident Report 19-050 is the only report Affiant is aware of regarding a complaint against James Roberts or of gender discrimination. Other than Incident Report 19-050, Jordain Chambers never made a comment or complaint to Affiant about James Roberts or gender discrimination.

12. That Affiant never stated that Plaintiff did not have the gall to take her complaints up the ladder.

13. That Affiant never called Plaintiff or any other female officer a "joke."

14. That Affiant never treated Plaintiff, nor any other officer, differently because of her sex or gender.

15. That the facts contained above are true and correct based on Affiant's personal knowledge.

FURTHER AFFIANT SAYETH NOT.

[Execution and Notarization on Following Page]

## EXECUTION AND NOTARIZATION

_____
STEVEN SEALEY

Sworn to and subscribed before me by STEVEN SEALEY by means of ✓ physical presence OR ____ online notarization, who is ____ personally known to me OR ____ has provided _____ as identification, this 5 day of January, 2022.

(SEAL)

NOTARY PUBLIC, STATE OF FLORIDA
Print Name: Evelyn Ramirez - Berracueta
Commission Expires: 6/13/23

00971409-1

4